ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| CHEIRO I. VARGAS JUSTINIANO  Recurrente  vs.  DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  Recurrido | KLRA202400380 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación  Caso Núm. CDO-159-24  Sobre: Solicitud de Remedio Administrativo |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante este Foro, por derecho propio e *in forma pauperis*, Cheiro I. Vargas Justiniano (Vargas Justiniano o recurrente), confinado bajo la custodia del Departamento de Corrección y Rehabilitación en el Centro de Detención Oeste Mayagüez (CDO de Mayagüez). Nos solicita que revoquemos la *Resolución* emitida el 21 de junio de 2024, por la Coordinadora Regional de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación.[1] Mediante la misma, se determinó que no aplican las bonificaciones de la Ley Núm. 66 del 19 de julio de 2022, *Ley para enmendar los Artículos 3, 11 y 12 del Plan de Reorganización 2-2011, Plan de Reorganización del Departamento de Corrección y Rehabilitación* (Ley Núm. 66-2022), a la sentencia que el recurrente extingue en el CDO de Mayagüez.

Por los fundamentos que expresamos a continuación, se confirma el pronunciamiento impugnado.

---

[1] Se declara *ha lugar* la solicitud del recurrente para litigar como indigente.

Número Identificador
SEN2024 _____

## I.

Según surge del expediente, el 17 de mayo de 2024, Vargas Justiniano instó una *Solicitud de Remedio Administrativo* en la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación.[2] En síntesis, alegó que correspondía aplicar las disposiciones de la Ley Núm. 66-2022 a su caso, relacionada con ciertas bonificaciones.

El 4 de junio de 2024, la División de Remedios Administrativos emitió una *Respuesta al Miembro de la Población Correccional*. A través de esta, la supervisora de récord penal, señora Elizabeth Ramos López, le expresó a Vargas Justiniano lo siguiente:

> Las bonificaciones otorgadas bajo la Ley 66 aprobada el 19 de julio de 2022, son de aplicabilidad a toda persona sentenciada que se encuentra disfrutando de un permiso concedido bajo un Programa de Rehabilitación o disfrutando de Libertad Bajo Palabra.
>
> [...]
>
> **Cabe mencionar, que usted se encuentra cumpliendo 10 años por el Art. 195-A, delito al que se le aplicó bonificación conforme a la Ley 87 del 2020 y cumple 4 años por el Art. 412 (Sustancias Controladas) a los que se le aplicó la bonificación conforme a la Ley 27 del 1989.**
> En total usted fue sentenciado a cumplir 14 años de cárcel.
> **Se le acreditaron las bonificaciones que le corresponden.**

(Énfasis nuestro).

En desacuerdo, Vargas Justiniano interpuso una *Solicitud de Reconsideración*, en la cual reiteró sus planteamientos dirigidos a establecer de forma general que las bonificaciones de la Ley Núm. 66-2022 aplicaban a su caso.

Mediante una *Respuesta de Reconsideración al Miembro de la Población Correccional,* el Departamento de Corrección y Rehabilitación confirmó la respuesta de la supervisora de récord penal. Consecuentemente, el 21 de junio de 2024, la coordinadora

---

[2] Número de Solicitud: CDO-159-24.

regional de remedios administrativos, Melissa Ruiz Sepúlveda, dictó la *Resolución* impugnada, en la cual incluyó las siguientes determinaciones de hechos:

1. El 17 de mayo de 2024, el recurrente radicó escrito de solicitud de remedio administrativo. En su escrito señala en la queja establece (sic) en la Ley 66 del 2022, les aplica a los confinados, que necesita que lo ayuden a que le apliquen la Ley 66.

2. El 21 de mayo de 2024, la Sra. Edith Ramírez Álvarez, Evaluadora de la División de Remedios Administrativos de la oficina local de CDO Mayagüez, recibe, enumera, codifica y firma el recibo de la solicitud de Remedio Administrativo.

3. El 28 de mayo de 2024, la Sra. Edith Ramírez Álvarez, Evaluadora de la División de Remedios Administrativos de la Oficina local del CDO de Mayagüez, le entrega recibo al MPC Cheiro I. Vargas Justiniano, de que su solicitud de remedio este (sic) proceso de que el área concernida le contesté (sic).

4. El 4 de junio de 2024, la Sra. Edith Ramírez Álvarez, Evaluadora de la División de Remedios Administrativos de la Oficina local del CDO de Mayagüez, recibe la contestación del área concernida, para dejársela llegar al MPC Cheiro I. Vargas Justiniano. La Sra. Elizabeth Ramos López Supervisora de Record Penal le indicó que las bonificaciones otorgadas bajo la Ley 66 aprobada el 19 de julio de 2022, son de aplicabilidad a toda persona sentenciada que se encuentra disfrutando de un permiso concedido bajo un Programa de Rehabilitación o disfrutando de Libertad Bajo Palabra.

5. El 6 de junio de 2024, la Sra. Edith Ramírez Álvarez, Evaluadora de la División de Remedios Administrativos de la Oficina local del CDO de Mayagüez, le entrega al recurrente respuesta del área concernida, remitida por la evaluadora.

6. El 6 de junio de 2024 el recurrente inconforme con la respuesta presentó Solicitud de Reconsideración indicando que no está de acuerdo con la respuesta, de la Sra. Elizabeth Ramos López de récord penal, solicitando que le aplique la ley 66 a su sentencia. Que toda persona sentenciada a cumplir término de reclusión en cualquier institución vigente por el código penal.

7. Recibida la Solicitud de Reconsideración el 13 de junio de 2024 y acogida el 18 de junio de 2024, por la Coordinadora Regional, Melissa Ruiz Sepúlveda, al ser acogida la solicitud de reconsideración, tendré (30) días laborables para emitir Resolución de reconsideración. Este terminó (sic) comenzará a transcurrir desde la fecha en que se emitió la

respuesta de reconsideración al miembro de la población correccional salvo que medie justa causa.

En particular, citando el Art. 11 del Plan de Reorganización Núm. 2-2011, *infra*, y la Ley Núm. 66-2022, se le explicó al recurrente lo siguiente:

> Se le clarifica, Sr. Cheiro I. Vargas Justiniano, usted está cumpliendo una sentencia de 14 años, por los delitos Art. 195ª concurrente con (ley 54), art. 412 SC. Su máximo de sentencia esta para 17 de agosto de 2029 y su mínimo de sentencia ya está cumplido, **significa que usted fue referido a la Junta Libertad Bajo Palabra, no obstante, al continuar cumpliendo dentro de una Institución Carcelaria no le aplica la Ley 66**. **Esta Ley es clara, donde indica que esto es solo a los confinados que se encuentren en la libre comunidad bajo la Jurisdicción de la Junta Libertad Bajo Palabra.** (Énfasis nuestro).

Aun insatisfecho, Vargas Justiniano instó el recurso de revisión judicial de epígrafe.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la Oficina del Procurador General de Puerto Rico, en representación del Departamento de Corrección y Rehabilitación.

**II.**

**A.**

Sabido es que, dado a que las decisiones administrativas están cobijadas por una presunción de legalidad y corrección, estas son merecedoras de deferencia por parte de los tribunales apelativos. *Vélez v. A.R.P.E.,* 167 DPR 684, 693 (2006); *Otero v. Toyota*, 163 DPR 716, 727 (2005). Al evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de forma arbitraria, ilegal o irrazonable, constituyendo sus actuaciones un abuso de discreción. El criterio rector es la razonabilidad de la

agencia recurrida. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008).

Una determinación formulada por una agencia administrativa debe ser sostenida por el foro judicial siempre que la misma no sea arbitraria o caprichosa y esté fundamentada en evidencia sustancial.[3] *Cruz v. Administración*, 164 DPR 341, 355 (2005). Bajo dicho escenario, los foros apelativos debemos sostenerlas. Sec. 4.5 de la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.* (LPAU). Véase también, *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75 (2000). Asimismo, las conclusiones de derecho y las interpretaciones que realizan las agencias sobre la ley que le corresponde administrar, aunque revisables en toda su extensión, deben ser sostenidas a nivel apelativo si estas son razonables, aun cuando exista alguna otra interpretación igualmente adecuada. *P.R.T.C. v. J. Reg. Tel. de P.R.*, 151 DPR 269, 283 (2000); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 133 (1998).

De igual forma, al momento de evaluar una decisión administrativa debemos tomar en consideración, no solo la especialización y experiencia de la agencia sobre las controversias que tuviera ante sí, sino que también debemos distinguir entre cuestiones relacionadas a la interpretación de las leyes —donde los tribunales somos los especialistas— y aquellos asuntos propios para la discreción o pericia administrativa. *García Reyes v. Cruz Auto Corp.*, supra, pág. 892. Véanse, además, *Super Asphalt v. AFI y otros*, 206 DPR 803 (2021); *Capó Cruz v. Jta. Planificación*, 204 DPR 581 (2020); *Román Ortiz v. OGPe*, 203 DPR 947 (2020).

---

[3] Evidencia sustancial es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Otero v. Toyota*, supra, a la pág. 728.

Ahora bien, debemos puntualizar que —dado al hecho de que las resoluciones de los organismos administrativos se presumen correctas— quien las impugne tiene el peso de la prueba. Ello implica que deberá presentar evidencia suficiente para derrotar la presunción que estas poseen. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). De lo anterior surge claramente que la carga probatoria le corresponde a la parte recurrente, por lo que, de incumplir con ella, la decisión administrativa deberá ser respetada por el foro apelativo.

**B.**

*La Ley Orgánica de la Administración de Corrección*, Ley Núm. 116 de 22 de julio de 1974, según enmendada, 4 LPRA sec. 1101 *et seq.*, fue sustituida por el *Plan de Reorganización Núm. 2 de 21 de noviembre de 2011*, según enmendado, 3 LPRA Ap. XVIII. (en adelante, Plan de Reorganización Núm. 2-2011). Con la aprobación del aludido Plan de Reorganización se decretó como política pública del Gobierno de Puerto Rico la creación de un sistema integrado de seguridad y administración correccional donde las funciones y deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad, así como a la custodia de los ciudadanos que han sido encontrados incursos en la comisión de un delito o falta y que establezcan procesos de rehabilitación moral y social del miembro de la población correccional o transgresor. Lo anterior, con el fin de fomentar su reincorporación a la sociedad.

Según el Artículo 5(f) del Plan de Reorganización Núm. 2-2011, el Departamento de Corrección y Rehabilitación tiene, entre otras cosas, la facultad de ampliar los programas de educación y trabajo para que impacten a toda la población correccional que interese participar y asegure la aplicación correcta de los sistemas de bonificación por trabajo y estudio que permitan las leyes aplicables.

En particular, **en los Arts. 11 y 12, el mencionado Plan de Reorganización expone el sistema de rebaja de términos de sentencias, así como las bonificaciones por trabajo, estudio o servicios. Estos artículos fueron enmendados por la Ley Núm. 87-2020 y posteriormente, por la Ley Núm. 66-2022**. En lo pertinente, se enmendaron los Arts. 3, 11 y 12 del Plan de Reorganización 2-2011 por la Ley 66-2022, con el designio de aclarar su lenguaje y **disipar toda duda en cuanto a que los convictos que estén disfrutando del privilegio de libertad bajo palabra serán acreedores de las bonificaciones por buena conducta, asiduidad, estudio, trabajo y otros servicios, de manera que, aunque estén en la libre comunidad puedan extinguir más rápidamente su sentencia utilizando herramientas de probada utilidad para evitar la reincidencia, como lo son los estudios y el trabajo**. (Énfasis nuestro).

En la Exposición de Motivos de la referida Ley 66-2022 se expresa que:

> Este privilegio de libertad bajo palabra coexiste con un sistema de bonificaciones por buena conducta, trabajo, estudio y servicios excepcionalmente meritorios a personas sentenciadas a cumplir término de reclusión (prisión) antes de la vigencia del Código Penal de 2004 (1ro de mayo de 2005). Estas bonificaciones son concedidas por el Departamento de Corrección y Rehabilitación, en virtud del Plan de Reorganización Núm. 2-2011.
>
> […]
>
> Estando la Junta de Libertad Bajo Palabra adscrita al Departamento de Corrección y Rehabilitación, no debe existir impedimento alguno para que se maximicen los recursos y se cumpla **con el claro mandato legislativo de que las personas acogidas al privilegio de libertad bajo palabra también puedan reducir sus sentencias utilizando el mecanismo de bonificaciones**. […] (Énfasis nuestro).

Asimismo, el Artículo 11 de la Ley Núm. 66-2022, denominado *Sistema de rebaja de términos de sentencias*, explica que:

> […]

Las rebajas de términos de sentencias dispuestas en este artículo por buena conducta y asiduidad, aplicarán a toda persona sentenciada a cumplir término de reclusión bajo cualquier Código Penal de Puerto Rico o delito cometido bajo cualquier ley penal especial que en sus disposiciones no las excluya, **independientemente se encuentre dentro de una institución correccional o esté cumpliendo el restante de su sentencia de reclusión a través de un permiso concedido a tenor con lo dispuesto en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación o se encuentre disfrutando de libertad bajo palabra.** (Énfasis nuestro).

### III.

En su escueto escrito, aunque el recurrente no incluyó señalamiento de error alguno, hace constar su desconcierto con la negativa del Departamento de Corrección y Rehabilitación en aplicarle a los términos de su sentencia las bonificaciones incluidas en Ley Núm. 66-2022, lo cual implicaría una reducción del 40% de su sentencia. Su postura se ciñe en que dicha Ley no les aplica solamente a las personas que estén en libertad bajo palabra.

Tras un análisis minucioso y ponderado de la ley aplicable junto al expediente, concluimos que no incidió la agencia recurrida al emitir su dictamen. Las bonificaciones a las cuales alude la Ley Núm. 66-2022 no le aplican al recurrente porque no son distintas a las establecidas y computadas por el Departamento de Corrección y Rehabilitación bajo la Ley Núm. 87-2020 y Ley Núm. 27-1989. Del récord surge que este cumple su sentencia en una institución correccional (CDO de Mayagüez) y que, al presente, se le han aplicado las bonificaciones que por derecho sí le corresponden bajo la Ley Núm. 27 de 20 de julio de 1989 y la Ley Núm. 87-2020.

Resulta necesario advertir que la Ley Núm. 66-2022 no se promulgó para brindar una nueva bonificación a las que ya se aluden en el Plan de Reorganización Núm. 2-2011. Esta es una enmienda al aludido Plan de Reorganización de naturaleza clarificatoria que solo les compete a personas no recluidas en la

cárcel. Nótese que su intención es que se reconozcan y acrediten ciertas bonificaciones a las personas que disfrutan de una libertad bajo palabra.

En virtud de lo antes expuesto, concluimos que el recurrente no logró derrotar la presunción de corrección que ostenta la decisión administrativa objetada, ni tampoco nos persuadió a alejarnos de la norma de deferencia que esta merece. La decisión de la agencia fue razonable y se dictó bajo el marco doctrinal adecuado. En consecuencia, confirmamos la *Resolución* impugnada.

**IV.**

En atención a los fundamentos antes expresados, se confirma la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones